UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

(FILED ELECTRONICALLY)


CIVIL ACTION NO. __1:18-cv-23-GNS_____

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.

CHARLES BELLAR a/k/a                                           DEFENDANTS
CHARLES B. BELLAR
347 Front St.
Lewisburg, KY 42256

CAPITAL ONE BANK
SERVE: Morgan & Pottinger, P.S.C.
600 W. Washington Street
Louisville, KY 40202


### COMPLAINT FOR FORECLOSURE

Plaintiff, the United States of America, states as follows:

1.      This is a mortgage foreclosure action brought by the United States of America on behalf of its agency, the United States Department of Agriculture Rural Housing Service also known as Rural Development (hereinafter collectively "RHS").

2.      Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

3.      RHS is the holder of a promissory note ("the Note") executed for value on December 12, 1996 by Defendant Charles Bellar a/k/a Charles B. Bellar ("the Borrower").  The principal amount of the Note was $30,280.00, bearing interest at the rate of 7.25 percent per annum, and payable in monthly installments as specified in the Note.  A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.     The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on December 12, 1996, in Mortgage Book 305, Page 764, in the Office of the Clerk of Logan County, Kentucky, which mortgage was corrected through a Corrected Mortgage recorded in Mortgage Book 243, page 5 in the Office of the Clerk of Logan County, Kentucky.  Through the Mortgage and Corrected Mortgage, the Borrower, unmarried, granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 347 Front Street, Lewisburg, Logan County, Kentucky (the "Property").  A copy of the Mortgage and Corrected Mortgage are attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5.     To receive subsidies on the loan, the Borrower signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrower by RHS. A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6.     The Borrower has defaulted on the Note and Mortgage (as corrected) by failing to make payments when due.

7.     RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent notice to the Borrower of the default and acceleration of the loan.

8.     In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

9.     The United States does not seek through this action to impose personal liability against the Borrower for the Borrower's default on the Note and Mortgage (as corrected).  On May 17, 2001, the Borrower filed a

2

Chapter 7 bankruptcy petition in the Bankruptcy Court for the Western District of Kentucky, Case No. 02-10946.  The Bankruptcy Court granted the Borrower a discharge from personal liability on December 6, 2002.

10.    The unpaid principal balance on the Note is $22,019.96 with accrued interest of $3,354.73 through September 13, 2017 with a total subsidy granted of $19,540.88, and fees assessed of $8,637.88, for a total unpaid balance of $53,553.45 as of September 13, 2017.  Interest is accruing on the unpaid principal balance at the rate of $6.01 per day after September 13, 2017.

11.    The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

12.    The Mortgage and Corrected Mortgage granted to RHS by Borrower is a purchase money mortgage.  The United States is unaware if the Borrower has a spouse, but even if such spouse existed, pursuant to KRS 392.040(1), any surviving spouse shall not have a spousal interest in land sold in good faith after marriage to satisfy an encumbrance created before marriage or to satisfy a lien for the purchase money.

13.    Defendant Capital One Bank may claim an interest in the Property by virtue of a Notice of Judgment Lien on Real Estate against the Borrower in the amount of $687.73 recorded on March 19, 2007 in Encumbrance Book 32, Page 687 in the Logan County Clerk's Office, a copy of which is attached hereto marked **Exhibit D**.  The interest of Capital One Bank is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

14.    There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

3

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a.    Judgment against the interests of the Borrower in the Property in the principal amount of $22,019.96, plus $3,354.73 interest as of September 13, 2017, and $19,540.88 for reimbursement of interest credits, and fees assessed of $8,637.88, for a total unpaid balance due of $53,553.45 as of September 13, 2017, with interest accruing at the daily rate of $6.01 from July 12, 2015, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

b.    That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c.    That the United States' lien be enforced and the Property be sold in accordance with Title 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d.    That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e.    That the Property be adjudged indivisible and be sold as a whole; and

      f.    That the United States receive any and all other lawful relief to which it may be entitled.

                          UNITED STATES OF AMERICA

                          RUSSELL M. COLEMAN
                          United States Attorney


                          s/ William F. Campbell
                          William F. Campbell
                          Assistant U.S. Attorney
                          717 West Broadway
                          Louisville, KY  40202
                          Phone:  502/582-5911
                          Fax:    502/625-7110
                          bill.campbell@usdoj.gov

℅JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

1:18-cv-23-GNS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

**(b)**  County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

CHARLES BELLAR, ET AL.

County of Residence of First Listed Defendant  LOGAN
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☑ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                      and One Box for Defendant)

|                                          | PTF | DEF |                                                              | PTF | DEF |
|------------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State    | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State| ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                               | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☑ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN     (Place an "X" in One Box Only)

☑ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. SECTION 1345

Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**
$53,553.45

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)     JUDGE

DOCKET NUMBER

DATE

2/20/2018

SIGNATURE OF ATTORNEY OF RECORD

s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

| TYPE OF LOAN |
|---|
| RH |

| STATE |
|---|
| COUNTY |
| CASE NO. |

Date __December 12_____ , 19__96__

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in __BOWLING GREEN, KY__

THE PRINCIPAL SUM OF __THIRTY THOUSAND TWO HUNDRED EIGHTY DOLLARS__

DOLLARS ($__30,280.00_____ ), plus INTEREST on the UNPAID PRINCIPAL of

__SEVEN AND ONE FOURTH_____ PERCENT (__7.25__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____ , 19___

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19___ , through _____ , 19___

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in __396_____ installments as indicated in the box below:

$ __202.00_____ on __January 12_____ , 19__96__ , and

$ __202.00_____ thereafter on the __12th__ of each __month__
until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE __January 12, 20__29 (__33_____ ) YEARS
from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Exhibit A

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, the denial of future program assistance under USDA's Debarment regulations, 7 CFR 3017.

Wherever "Farmers Home Administration," or RDA may appear, the term "United States of America" acting through the U.S. Department of Agriculture" is substituted.

/s/ *Charles B. Bellar*    (SEAL)

(BORROWER)

_____ (SEAL)

(CO-BORROWER)

307 Front St.

Lewisburg, KY  42256

## RECORD OF ADVANCES

| | AMOUNT | DATE | | AMOUNT | DATE | | AMOUNT | DATE |
|---|---|---|---|---|---|---|---|---|
| (1) $ | 30,280.00 | 12-12-96 | (8) $ | | | (15) $ | | |
| (2) $ | | | (9) $ | | | (16) $ | | |
| (3) $ | | | (10) $ | | | (17) $ | | |
| (4) $ | | | (11) $ | | | (18) $ | | |
| (5) $ | | | (12) $ | | | (19) $ | | |
| (6) $ | | | (13) $ | | | (20) $ | | |
| (7) $ | | | (14) $ | | | (21) $ | | |
| | | | | | TOTAL $ | | | |

USDA-FmHA
Form FmHA 427-1 KY
(Rev. 6-91)

Position 5

Recorded in ~~Realty~~ BOOK
NO. 235   PAGE 313

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by **Charles B. Bellar, unmarried,**

residing in **Logan** _____ County, Kentucky, whose post office address is **307 Front Street, Lewisburg,** _____ , Kentucky, **42256** herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 12-12-96 | $30,280.00 | 7.25 | 12-12-2029 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Adminstration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of _____ :

FmHA 427-1 KY (Rev. 6-91)


Exhibit B

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property"; All rents, profits and income from the property covered by this mortgage are hereby assigned to the mortgee for the purpose of discharging the debt hereby secured. Permission is hereby given to the mortgagor, so long as no default exist hereunder, to collect such rents, profits and income for use in accordance with Farmers Home Administration regulations.

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property. Upon termination of this mortgage, after payment in full, the mortgagee, at the mortgagor's expense, shall execute and file or record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or for the debt from liability to the Government secured by this instrument, (d) release any party who is liable under the note or any indebtedness to the Government secured by this instrument, (e) release portions of the property and subordinate its lien and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction of or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial statue, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial statue, age or national origin.

(21)  Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Beginning at the S.E. corner of Henry Street and on alley; thence with said street N 80 deg. E 100.00' to front Street; thence S 10 deg. 00' E 100.0 to I.P.; thence about South 80 deg. 00' W 100.00' to I.P. and parallel to Irwin Baugh's line to alley; thence about N 10 deg. 00' W along alley to point of beginning.

.Being the same property conveyed unto Charles B Bellar, unmarried, from Margaret S. Bunch, single, by and through her Power of Attorney, Horace B. Bunch, by deed dated December 12, 1996, and found of record in Deed Book _305_, Page _764_, in the office of the Logan County Court Clerk.

Given under the hand(s) and seal(s) of Borrower this **12th** day of **December** , 19 **96** .

*Charles B Bellar* (SEAL)

**Charles B. Bellar** (SEAL)

**STATE OF KENTUCKY**

**COUNTY OF LOGAN** } ss:

Before me, *Randal K Epley* , a Notary Public in and for

the County of **Logan** personally appeared *Charles B. Bellar*

and , his wife,

who acknowledged that they executed the foregoing instrument on the **12th**

day of **December** , 19 **96** , as their free act and deed.

WITNESS my hand and official seal this **12th** day of **December** , 19 **96** .

(SEAL)

My commission expires: *12-21-99*

Notary Public

## PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

**RANDAL K. EPLEY**
*(name)*

**P.O. Box 1103, Russellville, Kentucky 42276**
*(address)*

**RANDAL K. EPLEY**
*(Signature)*

**RECORDER'S CERTIFICATE**

**STATE OF KENTUCKY**

**COUNTY OF LOGAN** } ss:

I, *Kenny Chapman* , Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the **12th** day of **December** , 19 **96** , lodged for record

at *4:19* o'clock *L* M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this **12th** day of **December** , 19 **96** .

**STATE OF KENTUCKY**
**COUNTY OF LOGAN**
I, Kenny Chapman, Clerk of the Logan County do certify that the foregoing instrument was this day lodged in my office for record and that I have recorded in this and the certificate thereon, in my said office, at ___ M of 12-12-96

Clerk of _____ County Court

By _____ , D.C.

'U.S. Government Printing Office: 1991 — 556-764

Form RD 3550-14 KY
(11-96)

[Space Above This Line For Recording Only]

Form Approved
OMB No. 0575-0172

United States Department of Agriculture
Rural Housing Service

## MORTGAGE FOR KENTUCKY

**"CORRECTED"**

THIS MORTGAGE ("Security Instrument") is made on    AUGUST 14    , 1997 . [Date]
The mortgagor is

CHARLES B. BELLAR                                                                    ("Borrower").

This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency,
United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center,
United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called
"Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not
paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| 12-12-96 | $30,280.00 | 12-12-2029 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect
the property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the
Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower does hereby mortgage, grant,
and convey to Lender the following described property located in the County of    LOGAN
, State of Kentucky

SEE EXHIBIT "A"

which has the address of    307 Front St., Lewisburg, KY 42256
                           [Street]                              [City]

Kentucky    42256    ("Property Address");
            [Zip]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall
also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the
"Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record.

*Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing
instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of
information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for
reducing this burden, to the U.S. Department of Agriculture, Clearance Officer, STOP-7602, 1400 Independence Ave., SW, Washington, D.C.
20250-7602. Please DO NOT RETURN this form to this address. Forward to the local USDA office only. You are not required to respond to
this collection of information unless it displays a currently valid OMB number.*

Page 1 of 6

00010

shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box]

☐ Condominium Rider   ☐ Planned Unit Development Rider   ☐ Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 6 of this Security Instrument and in any rider executed by Borrower and recorded with this Security Instrument

*Charles B. Biller* (SEAL)
CHARLES B. BILLAR                                     *Borrower*

_____ (SEAL)
                                                     *Borrower*

STATE OF KENTUCKY        }
COUNTY OF *Logan*        } ss:         ACKNOWLEDGMENT

Before me, *Joyce B. Chesnut*, a Notary Public in and for the County of *Logan*, personally appeared *Charles B. Billar*, who acknowledged that *he* executed the foregoing instrument on the *18th* day of *August* *1997* as *his* free act and deed.

WITNESS my hand and official seal this *18th* day of *August*, *1997*.

[SEAL]
                                        *Joyce B. Chesnut* Notary Public

My commission expires *6-16-99*

## PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of:

_____        _____
(Name)                                               (Signature)

_____
(Address)

## RECORDER'S CERTIFICATE

STATE OF KENTUCKY        }
COUNTY OF _____        } ss :

I, _____, Clerk of the County Court for the County aforesaid, do certify that the foregoing mortgage was on the _____ day of _____, lodged for record _____ at _____ o'clock ___M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this _____ day of _____.

                              Clerk of _____ County Court
                              By _____, D.C.

STATE OF KENTUCKY
COUNTY OF LOGAN
I, Nancy Chapman, Clerk of the Logan County
do certify that the foregoing instrument was this
day lodged in my office for record and that I have
recorded in this and the certificate thereon, in my
said office, at _____ M ___ day ___ 19 97
_____, D.C.

Page 6 of 6

EXHIBIT "A"

Beginning at the S.E. corner of Henry Street and on alley; thence with said street N 80 deg. E 100.00' to front Street; thence S 10 deg. 00' E 100.0 to I.P.; thence about South 80 deg. 00' W 100.00' to I.D. and parallel to Irwin Baugh's line to alley; thence about N 10 deg. 00' W along alley to point of beginning.

Being the same property conveyed unto Charles D Bellar, unmarried, from Margaret S. Bunch, single, by and through her Power of Attorney, Horace B. Bunch, by deed dated December 12, 1996, and found of record in Deed Book 305 , Page 764 , in the office of the Logan County Court Clerk.

00011

FmHA Instruction 1951-I
Exhibit A

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

Subsidy Repayment Agreement

Date of Note 12/11/96 Amount of Note 30,280.00 Date of mortgage    12/11/96

Date of Note _____ Amount of Note _____ Date of mortgage _____

Type of assistance:                          1. Interest credit /xx/
                                             2. Homeownership Assistance
                                                Program /    /

Address of Property: _____ 307 Front St. _____

_____ Lewisburg, KY  42256 _____

BORROWER:    CHALRES B. Bellar

CO-BORROWER:

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

Exhibit C

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:  N/A   .  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us). If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid. The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

(a)  Unpaid balance of loans secured by a prior mortgage as well as
real estate taxes and assessments levied against the property which
are due will be paid.

(b)  Unpaid principal and interest owed on FmHA RH loans for the
property and advances made by FmHA which were not subsidy and are
still due and payable will be paid to the Government.

(c)  I (we) will receive from the sale proceeds actual expenses
incurred by me (us) necessary to sell the property. These may include
sales commissions or advertising cost, appraisal fees, legal and
related costs such as deed preparation and transfer taxes. Expenses
incurred by me (us) in preparing the property for sale are not allowed
unless authorized by the Government prior to incurring such expenses.
Such expenses will be authorized only when FmHA determines such expenses
are necessary to sell the property, or will likely result in a return
greater than the expense being incurred.

(d)  I (we) will receive the amount of principal paid off on the
loan calculated at the promissory note interest rate.

(e)  Any principal reduction attributed to subsidized interest
calculations will be paid to the Government.

(f)  I (we) will receive my original equity which is the difference
between the market value of the security, as determined by the
FmHA appraisal at the time the first loan subject to recapture of
subsidy was made, and the amount of the FmHA loan(s) and any
prior lien. This amount is ___$0___ and represents
___0.00___ percent of the market value of the security. (The

FmHA Instruction 1951-I
Exhibit A
Page 4


7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price. In such cases, the subsidy due the Government
will remain a lien on the property until paid. It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.


_Charles B. Bellar_    Borrower
CHARLES B. BELLAR
_____    Co-Borrower

12/12/96
     Date signed


Accepted and Agreed to
By _____    (FmHA Official)

     C. STEPHEN COSBY
     Community Dev. Manager    (Title)

     12/12/96
          Date


oOo

**COMMONWEALTH OF KENTUCKY**
Logan District Court
06-C-926 DIV

CAPITAL ONE BANK

PLAINTIFF/

JUDGMENT CREDITOR

vs.

### NOTICE OF JUDGMENT LIEN ON REAL ESTATE

Charles Bellar
347 Front St
Lewisburg KY 42256-9145

DEFENDANT/
JUDGMENT DEBTOR

SS# XXX-XX- 2382

Take notice that the Judgment Creditor herein has obtained a judgment against the Judgment Debtor in the amount of the Judgment Amount identified below and that this Notice constitutes a lien upon all real estate in Logan County in which said Judgment Debtor has any ownership interest.

| | |
|---|---|
| DATE OF JUDGMENT: | February 28, 2007 |
| JUDGMENT AMOUNT: | $687.73 |
|    Principal Amount: | $687.73 |
|    Interest: | $308.37 |
|    Court Costs: | $93.50 |
|    Current Balance Due: | $1,261.53 with interest calculating daily at 27.74% per annum. |

NOTICE TO JUDGMENT DEBTOR:     YOU MAY BE ENTITLED TO AN EXEMPTION UNDER KRS 427.060, REPRINTED BELOW.  IF YOU BELIEVE YOU ARE ENTITLED TO ASSERT AN EXEMPTION, SEEK LEGAL ADVICE.

KRS 427.060:   In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed Eighteen Thousand Four Hundred Fifty Dollars ($18,450.00) per person, in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment, or judgment, except to foreclose a mortage given by the owner of a homestead, or for purchase money due thereon.  This exemption shall not apply if the debt or liability existed prior to the purchase or the erection of the improvements thereon.
INSTRUCTIONS TO COUNTY CLERK:  Pursuant to KRS 426.720, you shall immediately enter this Notice of Judgment Lien on Real Estate in the Lis Pendens Records of Logan County.  Entry shall be noted upon the original of this Notice, and a copy returned to MORGAN & POTTINGER, P.S.C. as indicated below.
CERTIFICATE OF MAILING:  The undersigned certifies that on March 9, 2007, a copy of this Notice of Judgment Lien on Real Estate was mailed by regular first-class mail, postage prepaid to the above Judgment Debtor at the last known address stated above.

THIS INSTRUMENT PREPARED BY:

MORGAN & POTTINGER, P.S.C.

MORGAN & POTTINGER, P.S.C.

Molly E. Rose
James S. Scroghan
600 W. Washington Street
Louisville, KY  40202
502-560-6700
*Counsel for Plaintiff/Judgment Creditor*

Molly E. Rose
James S. Scroghan
600 W. Washington Street
Louisville, KY  40202
*Counsel for Plaintiff/Judgment Creditor*

THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
06N00583 - vjl1x.frm

STATE OF KENTUCKY
COUNTY OF LOGAN
I,  Scottie Harper, Clerk of Logan County
do certify that the foregoing instrument was this
day lodged in my office for record and that I have
recorded in this, and the certificate thereon, in my
said office at 12A M of 3-19-20___
By _____ D.C.

*Exhibit D*

# United States District Court

_____WESTERN_____ DISTRICT OF _____KENTUCKY_____
**AT BOWLING GREEN**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:18-cv-23-GNS

**v.**

Charles Bellar, et al.

**TO:**   (Name & Address of Defendant)

CHARLES BELLAR a/k/a
CHARLES B. BELLAR
347 Front St.
Lewisburg, KY 42256

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
**CLERK**                                                                                          DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐     Served personally upon the defendant.  Place where served:

_____

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and    discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐     Returned unexecuted:

_____
_____
_____

☐     Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____      _____

               Date                          Signature of Server

_____

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
**AT BOWLING GREEN**

United States of America                    **SUMMONS IN A CIVIL CASE**

CASE NUMBER:    1:18-cv-23-GNS

**v.**

Charles Bellar, et al.

**TO:**   (Name & Address of Defendant)

```
CAPITAL ONE BANK
SERVE: Morgan & Pottinger, P.S.C.
600 W. Washington Street
Louisville, KY 40202
```

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
**CLERK**                                                            DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and
discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____        _____
               Date                               Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**